# CASES REPORTED WITH BRIEF SYLLABI

AND

# DECISIONS HANDED DOWN WITHOUT OPINION.

THIRD DEPARTMENT, NOVEMBER, 1919.

ISABELLE BOYD, as Administratrix, etc., of JOHN G. BOYD, Deceased, Respondent, *v.* WILLIAM G. McADOO, Director General of Railroads (THE NEW YORK CENTRAL RAILROAD COMPANY), Appellant.

*Railroad — negligence — failure to call witnesses.*

Appeal from a judgment of the Supreme Court, entered in the office of the clerk of the county of Ulster on the 31st day of January, 1919, upon the verdict of a jury for $8,000, and also from an order entered on the 11th day of February, 1919, denying the defendant's motion for a new trial made upon the minutes.

Judgment and order affirmed, with costs. All concur, except John M. Kellogg, P. J., dissenting, with a memorandum, in which Lyon, J., concurs.

JOHN M. KELLOGG, P. J. (dissenting): The intestate, a policeman, while riding on the front platform of a trolley car, was killed by a collision between that car and an engine upon the defendant's road. The principal question litigated was whether the defendant was negligent in the management of the gates at the crossing, the plaintiff alleging that the gates were not lowered, while the defendant claimed to the contrary. A very close question of fact was presented, and it cannot be said that a finding either way could be disturbed as not fairly sustained by the evidence. The trial occupied three days, and the question was fully litigated upon both sides. When the defendant rested the plaintiff called a witness (who had been examined at the coroner's inquest) and offered to prove by him that he saw the accident and that the gates were not closed at the time. The court sustained the defendant's objection to the evidence as not being in rebuttal, saying, " for the purposes of the record, that each side has been given about three days to litigate the question as to the position of the gates and the other questions involved, and I do not think at this late day either side ought to be permitted to re-open the case." It was a question resting in the sound discretion of the court, and it cannot be said that there was an abuse of that discretion. Thereupon the plaintiff called four other witnesses (one of whom had been sworn before the coroner) and showed, in substance, that each was in a position to know the position of the gates, and sought to prove by them that the gates were up at the time of the accident. The defendant objected to the examination, as a reopening of the case, claiming that the practice

was improper and unprofessional after the ruling of the court. The court, in substance, repeated its former ruling. Apparently there was no reason for calling the four additional witnesses unless the plaintiff sought improperly to influence the jury by leaving them to believe that the four additional witnesses would swear in his favor if the court would permit. It was an attempt to sway the jury, not by evidence, but by offers of evidence, after the evidence had been excluded. Upon the argument this court sought to ascertain the motive of the plaintiff's attorney in putting these witnesses upon the stand, but no explanation was given except that the witnesses were in court and the defendant had not called them. The case is so evenly balanced upon the question of fact that this irregular practice evidently influenced the result. The judgment and order should be reversed as the result of a mistrial and a new trial granted, with costs to the appellant to abide the event. Lyon, J., concurs.